**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Continental Broadband, LLC d/b/a Expedient,<br><br>Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant Continental Broadband, LLC d/b/a Expedient ("Expedient") and, in support, allege the following:

## PARTIES

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Expedient is a limited liability company organized and existing under the laws of Virginia with its principal place of business at 1 Allegheny Square, Suite 600, Pittsburgh, PA 15212. On information and belief, Expedient can be severed with process at C T Corporation System, 4701 Cox Rd Ste 285, Glen Allen, VA, 23060.

## ASSERTED PATENTS

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent); 6,868,682 (the '682 Patent); and 6,718,277 (the '277 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The '287 Patent, entitled "Cooling System," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

7. The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9. The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10. The ’277 Patent, entitled “Atmospheric Control Within a Building,” was duly and lawfully issued on April 6, 2004. A true and correct copy of the ’277 Patent is attached as Exhibit 3.

11. The ’277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

**JURISDICTION AND VENUE**

12. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14. Expedient is headquartered at 1 Allegheny Square, Suite 600, Pittsburgh, PA 15212. It also maintains two data centers in Pittsburgh, PIT1, located at 810 Parish St., Pittsburgh, PA 15220, and PIT2, located at 100 S. Commons, Suite 001, Pittsburgh, PA 15212.[1]

15. This Court has personal jurisdiction over Defendant. Defendant maintains its principal place of business in this District. This Court therefore has general jurisdiction over Defendant.

16. Specific personal jurisdiction is also appropriate because Defendant has built and managed data centers in this District that performed methods of cooling that infringed the Asserted Patents. Defendant has maintained offices, employees, and business operations in Pennsylvania, and has therefore purposefully availed itself of the privileges of conducting business in Pennsylvania and has minimum contacts with Pennsylvania. The exercise of personal jurisdiction is proper under the Pennsylvania long-arm statute, and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Defendant because, on information and

[1] https://expedient.com/data-centers/pittsburgh/

belief, it has performed methods in their Pennsylvania data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of Defendant's contacts with Pennsylvania.

17. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant resides in this District. Defendant also has a regular and established place of business in this District at its headquarters and data center facilities in Pittsburgh. On information and belief, Defendant committed acts of infringement in this District at these data center facilities.

**DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT**

18. Defendant is a data center and managed IT services provider. Defendant owns and operates 13 data centers in 9 markets across the United States.[2] Defendant's data centers implement cooling equipment from various suppliers, and Defendant used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

19. In particular, Defendant used cooling equipment from Vertiv in their data centers. For example, Defendant's virtual tours of its data centers show Liebert cooling units inside the data center rooms[3]:

[2] https://expedient.com/data-centers/

[3] https://expedient.com/data-centers/baltimore/




20. Defendant also describes using Vertiv's iCOM control for intelligent cooling management in its data centers[4]:




21. And Vertiv itself published a case study where it described Expedient's use of Liebert's cooling systems in its data centers[5]:




[4] https://expedient.com/data-centers/memphis/

[5] https://www.vertiv.com/49e153/globalassets/products/critical-power/uninterruptible-power-supplies-ups/expedient-case-study.pdf

22. Defendant also used Stulz cooling equipment in their data centers. For example, Defendant's virtual tours show Stulz cooling units inside Defendant's data centers[6]:




On information and belief, Defendant may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the Asserted Patents, including, for example, Trane, Schneider Electric, and DataAire. On information and belief, Defendant may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

23. Valtrus notified Defendant of its infringement of its patent portfolio relating to data center technologies and has sought to resolve this dispute outside litigation prior to bringing this case.

24. On January 9, 2025, Valtrus's counsel sent a letter to Defendant's Chief Legal Officer, Christopher Frenie, informing Defendant about its patent portfolio and offering an opportunity to license Valtrus's patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the '287 Patent, the '682 Patent, and the '277 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used by Defendant in its data centers

[6] https://expedient.com/data-centers/phoenix/

because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Defendant to confirm the scope and extent of Defendant's infringement.

25. The parties subsequently discussed a potential licensing agreement. However, the parties were unable to reach an acceptable license.

26. Because Expedient has not agreed to resolve this dispute outside of litigation, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

27. Valtrus re-alleges and incorporates herein by reference paragraphs 1-26 of the Complaint.

28. The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

29. Defendant infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, Defendant has used cooling equipment and control software from at least Stulz[7] to cool its data centers, and may have also used other cooling equipment from Trane, Schneider Electric, DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendant used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 4-6.

[7] Valtrus is not asserting the '287 Patent based on Defendant's use of Vertiv cooling equipment in light of its representation to the Eastern District of Texas that it would not assert that patent against any additional customers if the Court consolidated various pending cases.

**SECOND CLAIM**

**(Infringement of the ’682 Patent)**

30. Valtrus re-alleges and incorporates herein by reference paragraphs 1-26 of the Complaint.

31. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

32. Defendant infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, Defendant has used cooling equipment and control software from at least Vertiv and Stulz to cool its data centers, and may have also used other cooling equipment from Trane, Schneider Electric, DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendant used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 7-10.

**THIRD CLAIM**

**(Infringement of the ’277 Patent)**

33. Valtrus re-alleges and incorporates herein by reference paragraphs 1-26 of the Complaint.

34. The ’277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

35. Defendant infringed the ’277 Patent by performing methods of cooling its data centers prior to the expiration of the ’277 Patent. As described above, Defendant has used cooling equipment from at least Stulz to cool its data centers, and may have also used other cooling equipment and software from Automated Logic, Nlyte, or other suppliers in a similar manner to

perform the claimed methods. An exemplary claim chart reflecting how Defendant used or may have used these products to infringe claim 1 of the ’277 Patent is attached as Exhibit 11.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Expedient, as follows:

A. That Expedient has infringed each of the Asserted Patents;

B. That Expedient pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Expedient pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Expedient pay Plaintiffs’ attorneys’ fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: August 18, 2026

Respectfully submitted,

*/s/ Antoinette C. Oliver*

Antoinette C. Oliver
Pa. I.D. No. 206148
aco@muslaw.com
U.S. Steel Tower
600 Grant Street, 50th Floor
Pittsburgh, PA 15219
Telephone (412) 456-2800

Connor S. Houghton* (DC Bar No. 888314379)
Natalie N. Griffin* (DC Bar No. 90005576)
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com
ngriffin@reichmanjorgensen.com

Patrick Colsher* (NY Bar No. 4883542)
Sean M. McCarthy* (NY Bar No. 5202593)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Matthew G. Berkowitz* (CA Bar No. 310426)
Aaron Morris* (CA Bar No. 341166)
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

**pro hac vice forthcoming*

*Attorneys for Plaintiffs*